(Pleito No. 138.—Fallado el 1º de Agosto de 1901.

## Banco Territorial y Agrícola contra Roberto Graham.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

1.—Recurso. No cabe discutir en casación los puntos no debatidos en el tribunal inferior, en un pleito apelado.

2.—Hipoteca. La hipoteca se extiende á las mejoras, y deben entenderse hipotecados juntamente con la finca los objetos muebles colocados permanentemente en ella, sean cuales fueren los derechos dominicales que después de instalados adquiera un tercero sobre los mismos.

SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á

primero de Agosto de mil novecientos uno, en los autos seguidos en el Tribunal del Distrito de San Juan por Don Roberto Graham y Fraser, Ingeniero, vecino de Ponce, con el Banco Territorial y Agrícola, establecido en esta Capital, y Don José Ricardo Carazo y Carreras, propietario, vecino de Bayamón, sobre tercería de dominio; cuyos autos penden ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por dicha sociedad bancaria, á la que ha representado y defendido el Letrado Don Juan de Guzmán Benítez, habiendo llevado la representación y defensa de Graham el Letrato Don Herminio Díaz Navarro, sin que haya comparecido la otra parte recurrida.—Resultando:  Que por escritura pública otorgada en veinte y dos de Junio de mil ochocientos noventa y seis, é inscrita en el Registro de la Propiedad en dos de Julio siguiente. Don José Ricardo Carazo y Carreras confesó haber recibido del Banco Territorial y Agrícola, de esta Ciudad, en concepto de préstamo, á pagar en diez años, por semestres, con el interés anual de nueve por ciento, diez y seis mil pesos, que con los intereses acumulados, deducidos los correspondientes al primer semestre ya satisfechos, daban un total de veinte y cuatro mil doscientos once pesos veinte centavos, que satisfaría Carazo en veinte semestres, ascendentes los diez y nueve primeros á mil doscientos cuarenta y seis pesos cincuenta y seis centavos cada uno, pagaderos en los días quince de Diciembre del expresado año, quince de Junio y quince de Diciembre de los años siguientes de mil ochocientos noventa y siete al mil novecientos cinco, y el último, de quinientos veinte y seis pesos cincuenta y seis centavos, en quince de Junio de mil novecientos seis, con la condición de que vencidos dos plazos semestrales, sin verificarse el pago correspondiente, se consideraría vencida al primer requerimiento toda la deuda; habiendo hipotecado Carazo á la seguridad del pago é intereses acumulados y de las cantidades de quinientos pesos, por nuevos réditos en caso de mora, y de mil quinientos pesos más, por costas y otros conceptos, la hacienda de cañas

dulces de su propiedad denominada "Carmen," radicada en el término municipal de Bayamón, con todas sus pertenencias y cuantas más pudieran incorporársele en lo sucesivo. —Resultando: Que el Banco Territorial y Agrícola, en escrito de ocho de Julio de mil ochocientos noventa y ocho, promovió ante el Juzgado de 1ª Instancia de Vega Baja contra Don José R. Carazo el procedimiento que determinan los artículos 128 de la Ley Hipotecaria y 168 de su Reglamento, para el cobro de la cantidad de diez y seis mil cuatrocientos diez pesos diez centavos, procedente del préstamo hipotecario á que se refiere la escritura anteriormente mencionada, procedimiento que hubo de quedar en suspenso á virtud de la Orden General de diez y nueve de Enero de mil ochocientos noventa y nueve, que concedió prórroga para el abono de los créditos hipotecarios sobre fincas agrícolas, si se satisfacían los intereses, y dispuso que si éstos no eran pagados, se ejecutase por el procedimiento que determina la Ley de Enjuiciamiento Civil, y no por el de la moderna Ley Hipotecaria.—Resultando: Que con sujeción á lo dispuesto en la expresada Orden General, el Banco Territorial y Agrícola, previo requerimiento á Carazo, sin obtener el pago, formuló contra él mismo, en siete de Septiembre de mil ochocientos noventa y nueve, demanda ejecutiva por la cantidad de mil cuatrocientos veinte y siete pesos setenta y ocho centavos que le adeudaba, en concepto de intereses vencidos del dicho crédito, con más trescientos pesos como intereses que se devengaran al tipo del nueve por ciento hasta el día del pago, é importe de las renovaciones del seguro de los establecimientos de la hacienda "Carmen", que en defecto de Carazo pagase el Banco, y además cuatrocientos pesos para costas; y despachada la ejecución, fueron embargadas la finca y las maquinarias en ella instaladas, consistentes éstas en un tacho al vacío de seis y medio pies de diámetro, con capacidad para cuatro toneladas de azúcar, provisto de cinco serpentinas de cobre, trampas, manómetros, columnas, plataformas, escaleras y demás accesorios, todo

completo; una bomba al vacío de $14\times16\times18$ con su condensador y conexiones, todos completos; dos centrífugas con su malaxar, trasmisiones, máquina motriz y accesorios, todos completos; una bomba de meladura; una bomba duplex con la tubería correspondiente de traer el agua de una quebrada y subirla al depósito, con todos sus accesorios; una caldera de ocho pies por diez y seis, con todas sus monturas y accesorios completos; varias tuberías para conectar la caldera y los aparatos ya mencionados, canales para la descarga del tacho, etcétera; habiéndose dictado sentencia de remate, por la que se ordenó seguir la ejecución adelante.—Resultando: Que con fecha dos de Enero del año próximo pasado, Don Roberto Graham y Fraser formuló demanda de tercería de dominio para que se declararan de su propiedad las maquinarias relacionadas, á cuyo fin alegó los hechos que se dejan expuestos, y el mérito de una escritura pública de que presentó copia, no inscrita en el Registro de la Propiedad, y otorgada en treinta y uno de Mayo de mil ochocientos noventa y siete, en la que Carazo y Graham, hacen constar haber comprado el primero al segundo, instalándolas en la hacienda "Carmen" las maquinarias de referencia por precio de dos mil trescientas setenta y cinco libras esterlinas, de las que aun adeudaba Carazo mil trescientas veinte y cinco, vencidas en el día del otorgamiento de la escritura, y cuyo pago se prorrogaba para el treinta y uno de Mayo de mil ochocientos noventa y ocho, con interés del doce por ciento anual, conservando Graham el dominio pleno y absoluto sobre las maquinarias, hasta el pago de la deuda, con facultad de incautarse de ellas, desmontándolas y extrayéndolas de la hacienda "Carmen" en que estaban instaladas, con todos los gastos á cargo de Carazo; como también se presentó certificación de la sentencia dictada por el Juzgado de Vega Baja, á veinte de Junio de mil ochocientos noventa y nueve, en pleito seguido por Don Roberto Graham con Don José R. Carazo y Don Narciso Vall Lloveras, como depositario de los bienes ocupados en juicio de concurso de acreedores de

Carazo, en cuya sentencia se declara con lugar la demanda de Graham, y se ordena sean excluidas de la ocupación y depósito de bienes, las maquinarias de que se trata, autorizando á Graham para desmontarlas é incautarse de las mismas; é invocando el tercerista como fundamentos de derecho, los artículos 108, inciso 2º, 110, 111 y 112 de la Ley Hipotecaria, los 348, 349, 609, 1,218, 1,462 y 1,902 del Código Civil, los 1,530 al 1,541 de la Ley de Enjuiciamiento Civil, y la regla 63 de la Orden General número 118, serie de mil ochocientos noventa y nueve, concluyó con la súplica de que se declarara definitivamente que las maquinarias en cuestión son de su exclusiva propiedad, y se ordene en su consecuencia el levantamiento del embargo en ellas trabado, dejándolas á su libre disposición, con las costas al que á ello se oponga, y condenando además al Banco á la indemnización de los perjuicios causados, cuya ascendencia se determinará en la forma prevenida por la Ley de Enjuiciamiento Civil.—Resultando: Que conferido traslado de la demanda al Banco Territorial y Agrícola y á Don José R. Carazo, con suspensión del procedimiento de apremio respecto de las maquinarias, se allanó el segundo á la misma, impugnándola aquél, á cuyo fin alegó que Don Ricardo Carazo, después de haber comprado á Don Roberto Graham é instalado en la hacienda "Carmen" las maquinarias, objeto de la tercería, al otorgar al segundo por escritura pública de treinta y uno de Mayo de mil ochocientos noventa y siete la prórroga para el pago de la parte del precio que aun le adeudaba, fué que convino en reservarle, ó más bien cederle el dominio que ya aquél había adquirido sobre las maquinarias, y cuando por tanto éstas eran una mejora de la finca realizada en la misma, en el suelo propio y en el edificio destinado á la elaboración del azúcar; que la expresada escritura no fué inscrita en el Registro de la Propiedad; y que la sentencia firme dictada en el juicio seguido por Graham contra Carazo y el depositario de los bienes de éste, en el concurso de acreedores del mismo, resolvió cuestiones entre Graham y

Carazo y sus acreedores, con exclusión del Banco, que como acreedor hipotecario, nada tenía que ver en dicho concurso; explicó luego el Banco, que no venía á discutir si Carazo vendió ó no á Graham las maquinarias, y si por consiguiente el segundo tenía ó no el carácter de dueño, pues lo que ha de resolverse en la tercería es si las maquinarias compradas por Carazo á Graham é instaladas en su hacienda "Carmen," cuando ya ésta estaba hipotecada á favor del Banco, se han confundido con la finca y están gravadas por la hipoteca del Banco, con todas las responsabilidades consiguientes, explicación muy importante, según dice, porque muy bien podía declararse que Carazo vendió á Graham las maquinarias que éste reclama como suyas, mas no que las maquinarias no formen parte de la finca y que no están hipotecadas al Banco, ó lo que es lo mismo, como pretende el actor, que se levante el embargo y se dejen las máquinas á su libre disposición, lo cual es imposible, mientras no haya sido cancelado con arreglo á derecho el gravamen que á favor del Banco pesa sobre ellas; invocó como fundamentos de derecho los artículos 2, 23, 27, 105, 106, 108, inciso 2º, 110, 111, 112, 122, 129, 156 y 189 de la Ley Hipotecaria, el 163 de su Reglamento, los 334, caso 5º, 1,450, 1,537, 1,874, 1,876 y 1880 del Código Civil, las circulares del Gobierno Militar de 19 y 31 de Enero de 1,899, y las sentencias del Tribunal Supremo de España, resoluciones de la Dirección General de los Registros y el Notariado, de veinte y ocho de Abril de mil ochocientos setenta, catorce de Noviembre de mil ochocientos setenta y dos, cuatro de Enero de mil ochocientos ochenta y ocho, diez y seis y veinte y ocho de Mayo y treinta y uno de Diciembre de mil ochocientos noventa y seis y tres de Mayo y veinte y dos de Diciembre de mil ochocientos noventa y ocho; y concluyó con la súplica de que en su oportunidad se declare sin lugar la tercería, declarando por el contrario que las máquinas y efectos á que ella se refiere están sujetos á la hipoteca del Banco y á todas las consecuencias de la ejecución de esa hipoteca, ordenando en su virtud se levante

la suspensión decretada del ejecutivo del Banco sobre dichas maquinarias á fin que sobre ellas pueda seguirse la ejecución, sin perjuicio de los derechos que asistan á Graham contra Carazo é imposición de todas las costas al tercerista.—Resultando: Que abierto el juicio á prueba se cotejaron, á instancia del actor con sus originales, la escritura pública de treinta y uno de Mayo de mil ochocientos noventa y siete, y la sentencia de veinte de Junio de mil ochocientos noventa y nueve, que en copia se acompañaron al escrito de demanda y se trajo á los autos testimonio de la escritura de veinte y dos de Junio de mil ochocientos noventa y seis, por la que Don José R. Carazo, hipotecó á favor del Banco Territorial y Agrícola la hacienda "Carmen," con todas sus pertenencias y cuantas más pudieran incorporársele en lo sucesivo; mientras que á instancia del expresado Banco se expidió copia de otra escritura pública de veinte y cuatro de Agosto de mil ochocientos noventa y siete, por la que el propio Don José R. Carazo, hipotecó á favor de Don Marcio Andrés, del mismo apellido, la propia hacienda "Carmen," con las maquinarias que en el mismo año había comprado é introducido en las fábricas de dicha hacienda, para la elaboración de azúcar, y certificación de haberse inscrito tal hipoteca de la finca y de las maquinarias en el Registro de la Propiedad, después de haberse inscrito á favor de Carazo el dominio de las maquinarias por título de edificación, sin que exista anotación de la propiedad de ellas á favor de Graham; habiendo declarado además Don José Ricardo Carazo que compró por los años noventa y seis á noventa y siete, parte de la maquinaria de su hacienda "Carmen," pagando la mitad del precio de contado, y después de hecha la instalación hubo un nuevo contrato en que afectó al pago de la parte de precio que adeudaba, el dominio de la maquinaria comprada, habiendo inscrito ese dominio en el Registro de la Propiedad.—Resultando: Que el Tribunal del Distrito de San Juan, por sentencia de tres de Enero de mil novecientos uno, declaró con lugar la demanda de tercería de dominio interpuesta por

Don Roberto Graham, por ser de su propiedad las maquinarias y efectos á que se contrae el juicio, ordenando se alce el embargo sobre ellos trabado y se dejen á la libre disposición de Graham, sin especial condena de costas.—Resultando: Que contra dicha sentencia interpuso la representación del Banco Territorial y Agrícola recurso de casación por infracción de ley, autorizado por los números 1º, 3º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, solicitando se anule aquélla y se dicte otra, por la que se declare que las maquinarias, objeto de la tercería, están gravadas por la hipoteca del Banco, juntamente con la finca de que forman parte, y procede por tanto seguir el ejecutivo contra ellas, hasta terminar la vía de apremio y hacer pago al ejecutante de su crédito, cuyo procedimiento no es incompatible con el dominio que dice Graham tener sobre las maquinarias, pues el recurrente no discute la mayor ó menor legitimidad de dominio, sino que sostiene y defiende el gravamen que le afecta; habiéndose infringido, en su concepto, por lo que atañe al primer fundamento del recurso, los preceptos legales siguientes:—Primero.   El artículo 389 de la Ley Hipotecaria, según el cual, la Sala sentenciadora no debió admitir la escritura en que basa su derecho el tercerista, porque de ella no se ha tomado razón en el Registro de la Propiedad, como lo revela el documento original traído á los autos, á pesar de trasmitirse derechos sujetos á inscripción, y de que el objeto de su presentación ha sido hacer efectivo, en perjuicio del Banco Territorial y Agrícola, que es tercero, el derecho que debió ser inscrito; no cabiendo la menor duda de que los derechos que se litigan están sujetos á inscripción, pues el Notario autorizante del título presentado advirtió á Don Roberto Graham, que sin el requisito de la inscripción no surtiría efecto contra tercero, ni se admitiría con ese objeto en los Tribunales, y además, según el artículo 2º, caso 1º de la Ley Hipotecaria, deben inscribirse en los Registros de la Propiedad los títulos traslativos del dominio de los inmuebles, cuyo carácter tienen las máquinas ó utensilios des-

tinados por el propietario de la finca á la industria ó explotación que se realiza en un edificio, y que directamente concurriesen á satisfacer las necesidades de la explotación misma, con arreglo á lo que dispone el artículo 334, caso 5º del Código Civil, como tampoco existe duda de que el Banco es tercero, con arreglo al artículo 27 de la Ley Hipotecaria, porque no intervino en el contrato que celebraron Carazo y Graham, y que debió ser inscrito.— Segundo.   Los artículos 110 y 111, caso 1º de la Ley Hipotecaria, preceptivos de que la hipoteca se extiende á las mejoras, y de que éstas se entienden hipotecadas juntamente con la finca, sin necesidad de que se mencionen en el contrato, siempre que correspondan al propietario los objetos muebles colocados permanentemente en un edificio para el servicio de alguna industria, aunque su colocación se haya verificado después de constituída la hipoteca, pues estando probado hasta la evidencia que Carazo, dueño de la finca "Carmen," hipotecada á favor del Banco, y dueño también de las maquinarias que había comprado á Manclove, Alliot and Company Limited, colocó éstas permanentemente en el edificio de dicha finca para el servicio de la industria de elaborar azúcar, claro está que tales maquinarias quedaron desde el momento de su colocación hipotecadas con la finca á favor del Banco, sin que sea admisible la interpretación de que con la cesión del dominio de esas maquinarias por Carazo á Graham, después de haberlas instalado en su propia finca, quedaron libres de la hipoteca que ya las gravaba, pues con semejante interpretación se atribuiría la facultad de extinguir el derecho de hipoteca á persona distinta de aquélla á cuyo favor está inscrito en el Registro; y como para que queden hipotecadas las mejoras, basta que correspondan al propietario de la finca en el momento en que surgen á la vista real como tales mejoras, es claro que sólo pueden librarse del gravamen por los medios que establece la Ley Hipotecaria, y nunca porque el deudor ceda á otra persona sus derechos dominicales sobre ellas.—Tercero.   Los

artículos 105 de la Ley Hipotecaria y 1,876 del Código Civil, según los cuales la hipoteca sujeta directa é inmediatamente los bienes sobre que se impone, cualquiera que sea su poseedor, al cumplimiento de la obligación para cuya seguridad fué constituída, pues si la hipoteca del Banco quedó impuesta sobre las maquinarias desde el momento mismo de su colocación en el edificio de la finca hipotecada, es obvio que quedaron sujetas directa é inmediatamente al cumplimiento de la obligación de Carazo para con el Banco, cualquiera que sea el poseedor de ellas, y al desconocerlo el Tribunal sentenciador ha violado los preceptos legales que se dejan citados.—Cuarto.    Los artículos 122 y 156 de la Ley Hipotecaria, según los cuales la hipoteca subsistirá íntegra y en cuanto á tercero, mientras no se cancele su inscripción sobre la totalidad de los bienes hipotecados, por cuanto, sin que haya sido cancelado el derecho hipotecario del Banco, la Sala sentenciadora manda poner á la libre disposición del tercerista unos bienes á los que aquel derecho se extiende.— Quinto.    El artículo 160 del Reglamento para la ejecución de la Ley Hipotecaria, que prescribe que las hipotecas inscritas serán rigurosamente cargas reales, pudiendo realizarse los créditos hipotecarios, no obstante cualquier derecho posterior adquirido sobre los mismos bienes hipotecados, disposición olvidada por la Sala sentenciadora al impedir la realización del crédito hipotecario inscrito del Banco sobre bienes que están hipotecados, fundándose en derechos posteriores, adquiridos por el tercerista sobre los mismos bienes.— Sexto.    El artículo 334, caso 5º del Código Civil, por cuanto en el quinto considerando de la sentencia se estima que las maquinarias objeto de la tercería no pueden reputarse como inmuebles, cuando es cosa fuera de duda con arreglo al artículo citado, que aquellas fueron bienes inmuebles desde que fueron colocadas en la hacienda "Carmen," subiendo de punto lo peregrino de aquella afirmación, al invocarse en su apoyo la resolución de veinte y uno de Junio de mil ochocientos noventa y tres de la Sección del Ministerio de

Ultramar, de la Dirección general de los Registros y el Notariado, la que no favorece bajo concepto alguno al tercerista Graham, pues la adherencia de las maquinarias fué hecha por el propietario del inmueble, según resulta de la misma escritura del tercerista y de otras pruebas fehacientes y precisamente por ser Graham y no Carazo el que aparecía dueño de las maquinarias, según la escritura, no pudo ésta inscribirse en el Registro, sin que en cambio se diga una palabra por el Tribunal sentenciador sobre el hecho que consta en autos de que esas mismas maquinarias, después de otorgada la escritura, que sirve de título al tercerista, fueron inscritas por el mismo Carazo como suyas propias, y así están inscritas todavía en el Registro de la Propiedad, en completa armonía con la resolución tan inoportunamente citada.—Séptimo.   El artículo 1,880 del Código Civil, porque después de haber citado la Sala sentenciadora, aunque con errónea interpretación, diversos preceptos de la Ley Hipotecaria, establece que por tratarse de un mueble, es aplicable al caso el artículo 1,218 del Código Civil, y no las disposiciones de la Ley Hipotecaria, invocadas por el Banco, el cual, al contestar la demanda, claramente expresó que no debatía el dominio que pretendía tener Graham, holgando en su consecuencia los pronunciamientos sobre ese punto, y en cambio invocó el derecho hipotecario que por accesión le asistía sobre las máquinarias, siendo por tanto evidente la infracción del citado artículo 1,880, que dice que la extensión y efectos de la hipoteca y lo relativo á su modificación y extinción queda sometido á las prescripciones de la Ley Hipotecaria.—Octavo.   Los artículos 112 de la Ley Hipotecaria y 163 del Reglamento para su ejecución, relacionados con el preámbulo de la Ley Hipotecaria, uno y otro por aplicación indebida, pues ambos textos legales se refieren al caso de que la finca hipotecada ó parte de ella pase á manos de un tercer poseedor, lo que no ha sucedido con la hacienda "Carmen," ni parte de ella.— Noveno.   La doctrina legal contenida en diversas sentencias

del Tribunal Supremo, cuales son la de veinte y ocho de Abril de mil ochocientos setenta, la que declara que no puede perjudicar al que es tercero según la Ley Hipotecaria, un título que no esté inscrito en el Registro de la Propiedad, doctrina legal violada por la Sala sentenciadora al admitir la tercería de Graham, fundada en título no inscrito, y declararla con lugar en oposición á la hipoteca inscrita del Banco; las de catorce de Noviembre de mil ochocientos setenta y dos, de veinte y tres de Mayo de mil ochocientos noventa y seis y de tres de Mayo de mil ochocientos noventa y ocho, que dicen que sólo puede reclamar contra el título no inscrito el que, como el Banco en este caso, tuviese su derecho inscrito en el Registro, doctrina violada al desestimarse las reclamaciones del Banco; la resolución de la Dirección General de los Registros y el Notariado, dictada en diez y seis de Mayo de mil ochocientos noventa y seis, estableciendo que no son inscribibles á nombre de un tercero unas mejoras que se encontraban en el caso de este pleito, porque esas mejoras siguen la condición de la misma finca, y aunque tienen el carácter de inmuebles, según el Código Civil y la Ley Hipotecaria, esto no autoriza para hacerlas objeto de contratación, separadamente de la finca á que estuvieran adscritas, ni á quebrantar la unidad de la misma, cuya suerte deben correr siempre juntamente, excepto en los casos previstos en los artículos 112 y 113 de la ley, que por cierto señalan el único privilegiado procedimiento para salvar los legítimos derechos de los mejorantes, preceptos que precisamente vinieron á sustituir los que en beneficio de los acreedores refaccionarios contenía la ley anterior, cuya doctrina viola la Sala, al dar eficacia en perjuicio del Banco á los convenios celebrados entre Carazo y Graham sobre esas mejoras, á pesar de que no se ha declarado probado, porque no ha podido hacerse, que Graham se haya ajustado al procedimiento privilegiado que marca la ley como único para salvar sus derechos; la resolución del mismo centro de veinte y dos de Diciembre

de mil ochocientos noventa y ocho, al hacer aplicación del mismo principio en un sentido inverso, ó sea resolviendo que deben inscribirse á nombre del dueño de la finca las mejoras, que constan en documento presentado por el mismo, porque esto no ofrece inconveniente alguno, y por el contrario, es susceptible de producir beneficio al propietario y á los terrenos, porque mediante esta formalidad, la descripción de la finca en el Registro revelará el verdadero estado de la misma desde luego, cuya doctrina viola el Tribunal sentenciador, al establecer como fundamento del fallo la afirmación que hace en el sexto considerando de que las maquinarias vendidas por Graham á Carazo no han podido inscribirse en el Registro de la Propiedad, ni se pueden estimar gravadas con la hipoteca del Banco; y por último, la misma resolución de veinte y uno de Junio de mil ochocientos noventa y tres, que cita la Sala en el quinto considerando de la sentencia, puesto que está probado en autos que fué Carazo el que incorporó á la finca las mejoras en cuestión, destinándolas á la explotación propia del mismo fundo, y por consiguiente, se han cumplido todas las condiciones que según esa resolución se requieren para que las maquinarias se reputen como inmuebles, y puedan ser objeto de la hipoteca que grava el fundo mejorado.—Resultando: Que en cuanto al segundo fundamento del recurso, como comprendido en el caso 3º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alega la representación del Banco que á pesar de haber manifestado en el escrito de contestación á la demanda y en la súplica de la misma, que no hacía oposición al hecho de que Carazo cediera á Graham el dominio de las maquinarias, que el primero había comprado á la casa Manclove Alliot y Cª é instalado en su finca, sino que el debate se reducía á si esas maquinarias estaban ó no afectas á la hipoteca del Banco, la Sala sentenciadora no hace declaración alguna sobre punto tan importante, pues aunque de hecho lo resuelve al mandar levantar el embargo de las maquinarias y dejarlas á libre disposición de Graham, es lo

cierto que para ello se funda en el artículo 1,218 del Código Civil, prescindiendo de resolver, como ha debido hacerlo, si esas mejoras están ó no afectas á la hipoteca del Banco.— Resultando : Que respecto del tercer motivo del recurso, como comprendido en el caso 7.º del artículo 1,690 de la Ley de Enjuiciamiento Civil, se alega error en la apreciación de las pruebas, á saber:—1.º   Error de derecho, en cuanto á la pertenencia de las maquinarias, al referir esa pertenencia á época distinta del momento preciso en que fueron establecidas, que es lo que previenen los artículos 110, 111 y 112 de la Ley Hipotecaria, infringidos, pues si la Ley se refiere á una época posterior al establecimiento de las mejoras, contradiría los artículos 105, 122 y 156 del mismo cuerpo legal, y el 160 del Reglamento para su aplicación, que también han sido infringidos, y 2.º   Error de hecho, en cuanto á la pertenencia é inscripción en el Registro de las maquinarias, pues resulta probado en autos que Carazo no solamente era dueño de ellas al establecerlas en su hacienda "Carmen", sino hoy mismo sigue siéndolo, según el Registro de la Propiedad, y á pesar de su convenio con Graham, como así se desprende de la declaración de Carazo prestada en el juicio oral, confesando que compró las maquinarias, adquirió el dominio de ellas y las inscribió en el Registro ; del mismo título presentado por Graham, el que demuestra que Carazo adquirió el dominio absoluto de las maquinarias, y después, para garantizar el precio aplazado de las mismas, fué que convino en ceder el dominio á su vendedor ; de la escritura publicada otorgada en veinte y cuatro de Agosto de mil ochocientos noventa y siete, por la que Carazo, como dueño de la hacienda "Carmen" y de las maquinarias, hipotecó ambas cosas á favor de su hermano Don Mauricio Andrés ; y de la certificación expedida por el Registrador de la Propiedad de esta Capital, creditiva de que la hipoteca que constituyó Carazo sobre la hacienda "Carmen" á favor de su referido hermano, fué inscrita en dicho Registro, suspendiéndose la inscripción de la hipoteca en cuanto á las

maquinarias, por no estar inscritas á nombre de Don Ricardo Carazo, cuya inscripción luego se llevó á efecto á título de edificación; cuyos actos y documentos auténticos han sido apreciados erróneamente por la Sala sentenciadora, al establecer el supuesto de que las mejoras á que se refiere la tercería no son bienes inmuebles y no han podido inscribirse, cuando evidentemente lo son por formar un solo cuerpo con la finca hipotecada, y á mayor abundamiento, están inscritas en el Registro á nombre del deudor, y hasta gravadas á favor de un segundo acreedor hipotecario.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que al declarar con lugar el Tribunal del Distrito de San Juan, por su sentencia recurrida, la demanda de tercería de dominio, y ordenar que se levante el embargo trabado sobre las maquinarias, que quedarían á la libre disposición de su dueño Don Roberto Graham, virtualmente ha resuelto que dichas maquinarias no están afectas á la hipoteca del Banco, pues sólo así cabría la segunda parte de aquel pronunciamiento; y que tanto por esa razón cuanto por no ajustarse la representación del Banco Territorial y Agrícola al artículo 1,718 de la Ley de Enjuiciamiento Civil, omitiendo citar la ley ó doctrina legal infringida, procede desestimar el recurso, en cuanto se supone autorizado por el caso 3º del artículo 1,690 de la ley citada, ó sea por no contener la sentencia recurrida declaración sobre pretensión, oportunamente deducida en el pleito.—Considerando: Que también es improcedente el recurso en cuanto se funda en el número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, pues el error de derecho, tal como se alega, no puede reputarse error en la apreciación de las pruebas, sino interpretación errónea de la ley, aparte de que tampoco se cita ley ó doctrina legal infringida en materia de prueba, según ha debido hacerse; y por lo que atañe al error de hecho, no cabe discutirlo en casación, por referirse á un punto que no fué debatido en el pleito, á saber si las maquinarias son de la propiedad de Carazo, no obstante el

título presentado por Graham, pues la representación del Banco Territoral y Agrícola no ha impugnado el dominio que el tercerista alega tener sobre las maquinarias, y antes por el contrario, claramente manifestó en su escrito de contestación á la demanda y también en el de interposición del recurso, que no discutía si Don José R. Carazo vendió ó no á Graham las maquinarias en cuestión y si Graham era ó no dueño de ellas, toda vez que lo que le interesaba se resolviera era si las repetidas maquinarias compradas por Carazo á Graham é instaladas en su hacienda "Carmen," hipotecada ya al Banco, han venido ó no á confundirse con la finca, y están ó no gravadas con la hipoteca del Banco y sujetas á las responsabilidades consiguientes, al igual que la finca misma.—Considerando:   Que según los artículos 110 y 111, caso 1º de la Ley Hipotecaria, la hipoteca se extiende á las mejoras, y deben entenderse hipotecadas juntamente con la finca aunque no se mencionen en el contrato, siempre que correspondan al propietario, los objetos muebles colocados permanentemente en un edificio bien para su adorno ó comodidad, ó bien para el servicio de alguna industria, aunque su colocación se haya verificado después de constituída la hipoteca; por lo que, habiendo comprado Don José R. Carazo á Don Roberto Graham é instalado en su hacienda "Carmen," hipotecada ya al Banco, las maquinarias objeto de la tercería para la elaboración del azúcar, es claro que desde ese momento quedaron afectadas por la hipoteca que el dueño de ellas, Carazo, había constituído con anterioridad sobre la referida hacienda, á favor del Banco, sean cuales fueren los derechos dominicales que después de instaladas las maquinarias adquiriera sobre las mismas Don Roberto Graham, sin que el dominio reconocido á favor de éste pueda librarlas del gravamen á que quedaron afectas á favor del Banco, desde que fueron instaladas en la hacienda "Carmen" por el dueño de ésta y de aquéllas, pues la hipoteca sujeta directa é inmediatamente los bienes sobre que se impone, cualquiera que sea su poseedor, al cumplimiento

de la obligación asegurada; y al no estimarlo así el Tribunal sentenciador, ha incurrido en los errores de derecho que se apuntan en el segundo y tercer motivo del primer fundamento del recurso, é infringido las disposiciones legales citadas.— Considerando: Que procediendo la casación por los dos motivos anteriormente expuestos, es innecesario discutir los demás alegados en apoyo del recurso, como comprendidos en el caso 1º del artículo 1,690 de la repetida Ley de Enjuiciamiento Civil.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por la representación del Banco Territorial y Agrícola, en cuanto se funda en el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y sin lugar, en cuanto se apoya en los números 3º y 7º del mismo artículo, sin especial condenación de costas; y en su consecuencia, casamos y anulamos la sentencia recurrida, en cuanto manda alzar el embargo de las maquinarias y que quedan á la libre disposición del tercerista, lo que con la sentencia que á continuación se dicte, y devolución de autos, se comunique al Tribunal del Distrito de San Juan, á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo, Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico, á 1º de Agosto de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*